UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRYSTAL VAILOR, Individually            )
and as Mother and Next Friend of        )
I.V., a minor                           )
5303 7th Street, N.W.                   )
Washington, D.C. 20011                  )
                                        )
                   Plaintiffs           )
                                        )
          v.                            )          Case No.
                                        )
UNITED STATES OF AMERICA                )
Serve:                                  )
Ronald C. Machen, Jr.                   )
United States Attorney for the          )
District of Columbia                    )
555 4th Street, N.W.                    )
Washington, D.C. 20530                  )
                                        )
Serve:                                  )
Eric H. Holder, Attorney General        )
Of the United States                    )
U.S. Dept. of Justice                   )
950 Pennsylvania Ave., N.W.             )
Washington, D.C. 20530                  )
                                        )
Serve:                                  )
Office of the General Counsel           )
Dept. of Health & Human Services        )
200 Independence Ave., S.W.             )
Washington, D.C. 20201                  )
                                        )
             And                        )
                                        )
CORRECTIONS CORPORATION OF              )
AMERICA, INC.                           )
Serve:                                  )
The Corporation Trust                   )
1015 15th Street, N.W., #1000            )
Washington, D.C. 20005                  )
                                        )
                   Defendants           )

## COMPLAINT
## (PRELIMINARY STATEMENT)

1.      The plaintiff, Crystal Vailor bring this action individually and as Mother and Next Friend of her child, I.V., a minor.

2.      The plaintiff, Crystal Vailor was at all times an adult resident of the District of Columbia and at all times pertinent to the litigation, incarcerated at the Correctional Treatment Facility (hereinafter, "CTF") operated by the defendant Corrections Corporation of America, Inc. (hereinafter, "CCA") wherein she received healthcare from employees of Unity Healthcare, Inc. (hereinafter, "Unity").  Unity is a federal employee and is immune from suit and the United States of America must be substituted for Unity as the defendant in this action.

3.      I.V. was at all times pertinent to the litigation a fetus and is now a minor.  Said minor is the child of plaintiff Crystal Vailor and this suit is brought on the child's behalf by the said Crystal Vailor as mother and next friend.

4.      CTF is a prison facility operated by CCA within the District of Columbia and the place where Crystal Vailor was incarcerated and where the acts of improper prison conduct and medical care and treatment both to Crystal Vailor and to I.V., a minor occurred.

5.      The plaintiff, Crystal Vailor seeks monetary damages to address the injuries caused to herself and to her child I.V. resulting from defendants' constitutional violations of her rights and those of her minor child I.V. and common law negligence  Crystal Vailor brings this action both individually and as mother and next friend of I.V. pursuant to the Eighth Amendment of the United States Constitution and the Civil Rights Act of 1871 as codified at 42 U.S.C. §1983 and brings negligence claims under the District of Columbia common law and statutory law.

2

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over the Federal law claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (a)(4).

6.      This court has supplemental jurisdiction over District of Columbia laws pursuant to 28 U.S.C. §1367.

7.      On March 16, 2012 counsel for the plaintiffs, on behalf of the plaintiffs, submitted a "Claim for Damage, Injury or Death" to the Office of the General Counsel for the Department of Health and Human Services (hereinafter, "DHHS").  A copy of the said notice is attached hereto as Exhibit 1.

8.      On March 26, 2012 counsel for the plaintiffs, on behalf of the plaintiffs, submitted a Supplemental Claim for Damage, Injury, or Death to the Office of the General Counsel for DHHS.  A copy of the supplemental claim is attached hereto as Exhibit 2.

10.     In addition, counsel for the plaintiffs has provided notice of intention to file suit by providing certified mail to Unity, Office of the General Counsel for DHHS, and CCA.  Copies of those letters dated February 9, 2012 as well as the return receipts are attached hereto as Exhibit 3, 4, and 5.

11.     No action has been taken by defendant United States of America.

12.     No action has been taken by defendant CCA.

## PARTIES

13.     The plaintiffs Crystal Vailor, individually and Crystal Vailor as Mother and Next Friend of I.V., a minor, adopt and incorporate by reference each and every allegation of paragraphs 1 through 12 as if fully set forth herein.

3

14.     Crystal Vailor was an individual resident of the District of Columbia incarcerated under the District of Columbia law. She was released on October 3, 2010. At all times relevant to the Complaint, Crystal Vailor was an inmate incarcerated at CTF, 1901 E Street, S.E., Washington, D.C. and for a short period of time at the Washington Hospital Center in Washington, D.C. I.V., a minor was born at the Washington Hospital Center on May 22, 2010.

15.     Defendant, United States of America, was the employer of Unity for the purposes of liability under the Federal Tort Claims Act (hereinafter, "FTCA") as well as other causes of action. Unity is the agent of the defendant United States of America providing medical services to inmates incarcerated at CTF. Unity as the agent of the United States of America acted under color of law at all times relevant to this Complaint in providing medical care and treatment to Crystal Vailor and her minor child, I.V.

16.     Defendant, CCA operated the CTF in the District of Columbia and was responsible for the care and wellbeing of inmates housed at the said facility. Included among its duties were the duty to ascertain the need for medical care when requested by an inmate and to assure that said inmate was provided with timely and proper medical care and attention. CCA acted under color of law.

**FACTUAL ALLEGATIONS**

17.     The plaintiffs Crystal Vailor, individually and Crystal Vailor as Mother and Next Friend of I.V., a minor, adopt and incorporate by reference each and every allegation of paragraphs 1 through 16 as if fully set forth herein.

4

18.     Hereinafter, throughout this Complaint, whenever allegations are made pertaining to the conduct of the United States of America, said conduct was actually that of the United States of America's agent, Unity.

19.     At all relevant times, defendant United States of America knew, or should have known, that the acts, omissions, and conditions alleged herein violated Crystal Vailor's common law and constitutional rights as well as those of her fetus and now minor child, I.V.

20.     At all relevant times, defendant CCA knew or should have known that the acts, omissions, and conduct alleged herein by its agents, servants, and employees acting within the scope of their employment violated Crystal Vailor's  common law and constitutional rights as well as those of her fetus and now minor child I.V.

21.     At all relevant times, defendant United States of America was responsible for the medical care and treatment provided to Crystal Vailor and her fetus, now her minor child, I.V.

22.     At all relevant times, defendant CCA was responsible for assuring that Crystal Vailor and her fetus, now her minor child, I.V. were directed to and provided with appropriate medical care, treatment, and attention in a timely manner.  CCA was also responsible for carrying out all medical orders in a timely manner.

23.     On or about March 3, 2010 and continuously thereafter, Crystal Vailor was incarcerated at the CTF prior to the birth of her minor child, I.V. Upon her arrival at the said facility, plaintiff Crystal Vailor, advised the staff that she was a high risk pregnancy. Thereafter, on April 30, 2010, Ms. Vailor was seen and examined by a Dr. Chapman and was noted to be in early pregnancy, high risk for pre-term labor and was referred for a cerclage. Nothing further was done in regard to this examination. On May 5, 2010 Crystal Vailor was examined and noted

to have a shortened cervix. This observation was inconsistent with both the plaintiff's statement and examination by another doctor. On May 22, 2010 the plaintiff was making complaints of bladder pressure/pain. She described the pain as sharp and stabbing. In addition, she complained of pain on urination and fetal movement. She was noted to be tearful by the physician's assistant who examined her. Despite these complaints, she was returned to her cell. Once in her cell, Crystal Vailor continued to plead for medical attention. Other inmates also requested CCA staff to return Crystal Vailor to the medical unit or to call the medical unit to send appropriate medical personnel to examine and treat the plaintiff.. During the early evening hours, the plaintiff was seen by an LPN who conducted no examination and was returned her to her cell. Within one-half hour of returning to her cell, a call was made for medical assistance. No medical assistance arrived for an extended period of time. Crystal Vailor and numerous other inmates on her tier continued to request that she be taken to the medical unit by correctional staff or follow up calls be made to the medical unit to send someone promptly. Eventually, plaintiff Crystal Vailor was taken out of the facility to the Washington Hospital Center where I.V. was prematurely delivered out of medical necessity to save the mother and child's life.

24.     Upon information and belief, there were systemic problems associated with correctional staff seeking and obtaining prompt and proper medical attention for inmates in need of critical care. Defendant, CCA, failed to take reasonable action to ensure the systemic problems were addressed.

25.     Both the United States and CCA owed a duty to provide prompt and proper medical care, treatment, and attention to Crystal Vailor and her minor child, I.V. as well as

access thereto.  Each of the defendants individually and together, failed to meet the aforesaid

duties.

### LEGAL CLAIMS

### COUNT I
### (VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED
### STATES CONSTITUTION – DELIBERATE INDIFFERENCE
### TO SERIOUS MEDICAL NEEDS)

26.    The plaintiffs Crystal Vailor, individually and Crystal Vailor as Mother and Next

Friend of I.V., a minor, adopt and incorporate by reference each and every allegation of

paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant United States was under a duty to provide medical care, treatment

and attention to Crystal Vailor and her then fetus, now minor child I.V. including the provision

of medical treatment for her pregnancy.

28.    Despite this duty and in violation thereof, the defendant United States from the

time Crystal Vailor was initially seen on April 30, 2010 failed to provide proper treatment for

her high risk pregnancy. She should have been referred to a gynecologist for a cerlage, should

have been referred for a Maternal Fetal Medicine consult and sonogram and should have been

placed on strict bed rest. She should also have been provided with Progesterone therapy. By

May 5, 2010 following a follow up medical examination with findings inconsistent with her

previous examination, she should have been referred for a repeat sonogram and she should

have been sent for immediate care and treatment at an appropriate medical facility.  By May

22, despite indications of a urinary tract infection, pending sonogram results, and an

appointment with an OB/GYN, Crystal Vailor was returned to her prison cell. By this time,

Crystal Vailor and her fetus were experiencing serious and life threatening medical problems.

Crystal Vailor's health was in danger and the life of the fetus was at extreme risk. Sometime

thereafter, the plaintiff was examined by an LPN crying with complaints of pain in her lower

abdomen. Despite this complaint, as well as all of the plaintiff's earlier complaints, no

examination was conducted nor any treatment rendered to the plaintiff and she was again

returned to her cell. Within approximately thirty minutes, plaintiff was again seen by a

physician's assistant and 911 was called.  The EMS arrived approximately 15 minutes later but

the plaintiff was not permitted by CCA staff to leave the facility for almost one-half hour

thereafter.

29.     Defendant United States was deliberately indifferent by failing to provide Crystal

Vailor and her minor child, I.V. with timely medical care and treatment, proper medical care

and treatment, necessary consultations, prompt response to requests for medical assistance,

and failing to have Crystal Vailor and her minor child, I.V. transferred to a proper medical

facility.

30.     Defendant United States was deliberately indifferent in delaying plaintiff's access

to proper medical resources, trained medical personnel, and a proper medical facility.  Upon

information and belief, the United States knew, or should have known, that there were

unreasonable delays associated with the plaintiff's medical care and treatment and that such

delays could and did have catastrophic consequences to both Crystal Vailor and her minor child,

I.V.

31.     As a direct and proximate result of the deliberate indifference, the plaintiff has

suffered and continues to suffer physical pain, mental anguish, medical expenses, additional

expenses in the care and raising of her minor child, I.V. In addition, the minor child, I.V. suffers

8

and continues to suffer physical problems, mental/developmental problems, vision problems, learning difficulties, respiratory problems, attention deficit disorder problems. All of the problems being suffered by the minor child, I.V. will, in all probability, extend into the future and be of a permanent nature.

32.     Defendant CCA was under a duty to assure that inmates incarcerated at the CTF facility were provided medical care, treatment and attention in a prompt manner. Included within this duty were to respond to inmates pleas for medical attention and to assure that the medical unit responded promptly or that an inmate was taken to the health care unit in a prompt manner.

33.     Despite this duty, and in violation thereof, the defendant CCA on numerous occasions failed to permit Crystal Vailor to obtain medical attention. This failure was, despite requests by Crystal Vailor and other inmates on her behalf, to provide access to medical staff. Many of the requests made by Crystal Vailor and others on her behalf were either ignored or not responded to in a timely manner. By May 21, 2010 Crystal Vailor and her fetus were in medical distress. Both were in serious need of prompt medical attention. On May 21, 2010 Crystal Vailor began having pains and by May 22, 2010 she was having cramps. By 4:00 p.m. the cramps had become progressively worse and she and others, on her behalf, requested that she go the infirmary for medical attention. Despite these requests, it was not until 6:00 p.m. that an officer called and talked to the infirmary about Crystal Vailor's ever worsening medical condition. Following that conversation, Crystal Vailor was then walked to the infirmary as her pain became increasingly worse. After an examination at the infirmary, the plaintiff was discharged and once again made to walk back to her housing unit as opposed to being returned

9

to the unit by either wheelchair or stretcher. By the time she arrived back at her housing unit, she continued to make ever more persistent complaints as her pain continued to increase. These persistent complaints by Crystal Vailor and other inmates in her housing unit were either ignored by the correctional staff or plaintiff and others were told to stop voicing their complaints. At this time, one or more of the inmates on Ms. Vailor's housing unit called Ms. Vailor's parents who then began contacting the CTF and requesting that their daughter be seen by an appropriate medical person and given proper treatment. Finally, at approximately 7:00 p.m. Ms. Vailor returned to the infirmary and within a matter of a few minutes began bleeding and the cramps from which she was suffering became considerably worse. The cramps were in fact contractions that the plaintiff was sustaining. Once again, plaintiff was returned to her housing unit by correctional staff. At approximately 8:15 p.m. a correctional officer observed the plaintiff in extreme distress and bleeding. At that time the officer finally called the medical unit and the plaintiff was taken by stretcher to the infirmary. An ambulance was called and after its arrival, some further delay by CCA staff occurred. Once the ambulance finally left CCA the plaintiff and her fetus were taken to the Washington Hospital Center and directly to the labor and delivery area where her son was born 10-15 minutes after arrival.

34.    Defendant CCA was deliberately indifferent by failing to provide Crystal Vailor and her minor child, I.V. access to proper medical care and treatment.

35.    Defendant CCA was further deliberately indifferent to the plaintiff and her fetus' serious medical condition by not allowing the plaintiff to go between the medical unit and her housing unit by stretcher or wheelchair and forcing her to walk, by delay in returning her to the

medical unit as her condition worsened, and by delay in allowing the emergency medical vehicle to promptly leave the institution once it arrived.

36.     As a direct and proximate result of CCA's deliberate indifference, the plaintiff has suffered and continues to suffer physical pain, mental anguish, medical expenses, additional expenses in the care and raising of her minor child, I.V. In addition, the minor child, I.V. suffers and continues to suffer physical problems, mental/developmental problems, vision problems, learning difficulties, respiratory problems, attention deficit disorder problems.  All of the problems being suffered by the minor child, I.V. will, in all probability, extend into the future and be of a permanent nature.

WHEREFORE, plaintiff Crystal Vailor individually demands judgment against the defendants United States of America and Corrections Corporation of America jointly and severally, in the sum of Three Million Dollars ($3,000,000.00), interest from the date of occurrence, costs and attorney's fees.

WHEREFORE, plaintiff Crystal Vailor, mother and next friend of I.V., a minor, demands judgment against defendants United States of America and Corrections Corporation of America jointly and severally, in the sum of Three Million Dollars ($3,000,000.00), interest from the date of occurrence, costs and attorney's fees.

## COUNT II
## (NEGLIGENCE)

37.     The plaintiffs Crystal Vailor, individually and Crystal Vailor as Mother and Next Friend of I.V., a minor, adopt and incorporate by reference each and every allegation of paragraphs 1 through 36 as if fully set forth herein.

38.     Pursuant to D.C. Code §24-211.02 and the common law defendants CCA and the United States (Unity) owed the plaintiff Crystal Vailor, an inmate in their care, custody and supervision a duty to provide proper treatment and care. Further, pursuant to D.C. Code §24-1401 healthcare for inmates in the custody at the D.C. Jail and the CTF were to be pursuant to contract. The said contract was with Unity, an agent of defendant United States.

39.     Defendants United States and CCA breached their duty by failing to provide proper and adequate medical care, treatment, and attention to the plaintiff and her fetus during her pregnancy and prior to delivery of her minor child, I.V.

40.     Both defendant United States and CCA individually and jointly, breached their duty to provide the plaintiff and her fetus, now minor child, I.V., with proper and adequate medical care and treatment which is more fully described in the allegations contained throughout this complaint and re-adopted in this Count.

41.     As a direct and proximate result of the negligence of each defendant, the plaintiff has suffered and continues to suffer physical pain, mental anguish, medical expenses, additional expenses in the care and raising of her minor child, I.V. In addition, the minor child, I.V. suffers and continues to suffer physical problems, mental/developmental problems, vision problems, learning difficulties, respiratory problems, attention deficit disorder problems. All of the problems being suffered by the minor child, I.V. will, in all probability, extend into the future and be of a permanent nature.

WHEREFORE, plaintiff Crystal Vailor individually demands judgment against the defendants United States of America and Corrections Corporation of America jointly and

severally, in the sum of Three Million Dollars ($3,000,000.00), interest from the date of occurrence, costs and attorney's fees.

WHEREFORE, plaintiff Crystal Vailor, mother and next friend of I.V., a minor, demands judgment against defendants United States of America and Corrections Corporation of America jointly and severally, in the sum of Three Million Dollars ($3,000,000.00), interest from the date of occurrence, costs and attorney's fees.

Respectfully submitted,

SAMUEL M. SHAPIRO, P.A.


/s/Samuel M. Shapiro
Samuel M. Shapiro #00688
200-A Monroe Street, #233
Rockville, MD 20850
(301) 340-1333
(301) 340-1149 fax
Rogah@aol.com

Attorney for Plaintiffs

**JURY DEMAND**

Plaintiffs request a trial by jury on all issues properly so triable.

/s/Samuel M. Shapiro

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Dept. of Health & Human Services Office of the General Counsel General Law Division 220 Independence Ave., S.W., #4256 Washington, D.C. 20021 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Crystal Vailor and Crystal Vailor as Mother and Next Friend of Immanuel Vailor 3940 7th Street, N.E., #1 Washington, D.C. 20017 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 01/15/81 & 5/22/10 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Saturday, May 22, 2010 | 7. TIME (A.M. OR P.M.) Approx. 4 pm. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Set forth in the letter from Richard L. Stokes, M.D., F.A.C.O.G. attached. The basis of the claim if litigation is necessary may include additional acts of negligence and wrongful conduct which are not known to the claimant and her attorney at the present time but may be established through litigation discovery.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Ms. Vailor suffered physical pain, mental anguish which she continues to suffer, economic loss due to the premature birth of her son who now has numerous birth related problems, and will require continuing medical care and treatment as well as other economic expenses. Immanuel I. Vailor, her minor son, has suffered physical pain, mental anguish, birth injuries, loss of enjoyment of a normal child, expected future medical expenses, and probable loss of earning capacity.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Crystal Vailor, Marsha Ann Vailor-Brown Gary Vailor Shannen Vines, inmate incarcerated on unit Medical personnel involved Crystal & Immanuel at WHC | 3940 7th St., N.E., #1, Washington, D.C. 20017 8308 James St., Upper Marlboro, MD 20772 unknown at this time | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| n/a | $3,000,000.00 | n/a | $3,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form 301-340-1333 | 14. DATE OF SIGNATURE 03/16/2012 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109                    NSN 7540-00-634-4046                    STAN... PRES... 28 CF...

**PLAINTIFF'S EXHIBIT 1**

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No   |   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?   (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dept of Health & Human Ser.
Office of General Counsel
General Law Division
220 Independence Ave SW #4256
Wash. DC 20021

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____ ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name ) | C. Date of Delivery
Lawrence                        | 3-21-12

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number (Transfer fr_____ : 7010 0780 0000 9292 1158

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



# RICHARD L. STOKES, M.D., F.A.C.O.G.
# ALFREDA JONES, M.D., F.A.C.O.G.
DIPLOMATE AMERICAN BOARD OF OBSTETRICS AND GYNECOLOGY

February 14, 2012

Samuel M. Shapiro, Esq.
200A Monroe Street, #233
Rockville, MD 20850

RE:    Crystal Vailor and Immanuel I. Vailor, her minor son

Dear Mr. Shapiro:

At your request I have reviewed the medical records supplied to me regarding the care and treatment rendered to Crystal Vailor surrounding the premature birth of her son Immanuel I. Vailor. Among the records that I have read and reviewed are those of the Correctional Treatment Facility, the Prince George's Detention Facility, the Prince George's Hospital Center records, the records from DC Emergency medical personnel and the medical records from the Washington Hospital Center. In addition, I have been provided with a history of events surrounding the pregnancy of Ms. Vailor and the delivery of her son on May 22, 2010.

In addition to having read and reviewed the aforesaid, it is my understanding that in late December, 2009 Ms. Vailor became aware that she was pregnant by taking a pregnancy test which was positive. On about January 5, 2010 Ms. Vailor was incarcerated at the Prince George's County Detention Facility. She told the officials that she was pregnant and they confirmed the pregnancy with a urine test. While at the Prince George's Detention Facility they took her history and sent her to a regular housing unit. While on the unit, Ms. Vailor suffered vaginal bleeding and was immediately sent to Prince George's Hospital Center and seen in the emergency room. During this visit she had a sonogram and ultrasound which reflected that she was eight weeks and six days pregnant. She was placed on high risk status and put on the medical unit for observation. When the bleeding stopped, she was returned to her regular housing unit and was given instructions to do no work.

For the rest of her incarceration at the Prince George's County Detention Center her pregnancy proceeded normally and she was regularly seen by a doctor who took her history, blood pressure, made sure that she was taking the vitamins that had been given to her, and was having no pregnancy problems.

Mr. Shapiro
February 14, 2012
P a g e | 2

On March 2, 2010 she was transferred to the Correctional Treatment Facility where she advised the staff that she was a high risk pregnancy. On April 30, 2010 Dr. Corry Chapman examined Ms. Vailor and notes the sonogram reading as "internal os open cervix 2.2 cm" and her expected delivery date was noted as August 23, 2010. It was further noted that she was in early pregnancy, high risk for pre term labor, gyn referral for cerclage pending, f/u weekly, and sick call if any sx of labor. Based on this note, it is my opinion to a reasonable degree of medical and professional certainty, that Dr. Chapman should have immediately obtained a Maternal Fetal Medicine consult and sonogram; Ms. Vailor should have been admitted to a hospital for observation and strict bed rest. In addition, Dr. Chapman should have initiated medical tocolysis or cerclage or progesterone therapy. The failure to provide any of these therapies or MFM consultation was a deviation from proper practice.

The second violation occurred on May 5, 2010 when Ms. Vailor was seen by Dr. Eleni O'Donovan who indicated a shortened cervix. Dr. O'Donovan also indicated by an examination per Dr. Hathaway cervix was soft, long, os closed. I could not find Dr. Hathaway's note. This is contrary to the previous note made by Dr. Chapman on April 30, 2010 and contrary to the subjective statement by Ms. Vailor that the internal os was open. Based on this inconsistency, a repeat sonogram should have been immediately ordered, a follow up with Dr. Nelson who should have been scheduled an MFM immediately and Ms. Vailor should have been sent to an appropriate emergency room for immediate care and treatment.

The third and final group of violations occurred on May 22, 2010. It is interesting to note that the note made by Dana Hunter, PA has no time, either within the note or below where PA Hunter apparently electronically signed four days later at 10:19 a.m. Thus, I am left to conclude that the history provided to me and referenced at the start of this letter is accurate. It further seems to be accurate because later notes from the 22nd by Mireille Jean-Phillipe, LPN is timed at 7:16 p.m. and the note of Myrtha Mathieux dated May 22 is timed 8:40 p.m.

When examined by Dana Hunter, PA, Ms. Vailor presented with complaints of bladder pressure/pain. The pain is described as sharp and stabbing. In addition, Ms. Vailor complained of pain on urination and fetal movements. PA Hunter notes that her general appearance is tearful. The assessment reflects a likely urinary tract infection, the sonogram results were pending, an OB follow up was scheduled, and it was noted that she was to return to the clinic if vaginal bleeding occurred.

Mr. Shapiro
February 14, 2012
P a g e | 3

In spite of this examination and these findings, Ms. Vailor was returned to her prison housing unit. It is my opinion, to a reasonable degree of professional certainty, that this examination by PA Dana Hunter deviated from the standard of care as it did not include a pelvic examination to check her cervix, there was no immediate transfer to a hospital for consultation with an expert in maternal fetal medicine and that this delay in sending Ms. Vailor back to her housing unit lost the opportunity to arrest her labor, provide medicines to her as yet unborn son which could have helped to make him a healthier child at birth. This precluded the use of Beta Mathansone and any possibility of a rescue cerclage being placed in Ms. Vailor.

The deviations continued with the examination and visit to LPN Mireille Jean-Phillipe who saw Ms. Vailor at 7:16 p.m. with complaints of having pain in her lower abdomen. From this note it appears that no examination was conducted by the LPN who notes that Ms. Vailor was returned to her housing unit "in good spirit, encourage inmate to report to medical any discomfort". This note is totally contrary to all facts that I have been provided and to the examination conducted by PA Dana Hunter shortly before the LPN's note. All of my previously mentioned deviations from the standard of care apply even more to the inactions of LPN Mireille Jean-Phillipe who appears to have conducted no independent examination and did nothing to provide care and treatment to Crystal Vailor.

By 7:45 p.m. when Ms. Vailor once again is seen by Dana Hunter, PA, it would appear from the time entry in the PA note 911 was called at 7:45 p.m., a review of the EMS record shows that the call did not come until 20:01 (8:01 p.m.). The note of PA Hunter indicates that Ms. Vailor left the facility at 8:00 p.m. when the review of the EMS record reflects that it departed the scene at 8:26 p.m. Although these are short time intervals, they were crucial to providing Ms. Vailor with any hope of maintaining her pregnancy and thereby increasing her chances of continuing the pregnancy. Each hour the pregnancy was continued, was an hour that her son could have been provided with the proper care and treatment at the Washington Hospital Center. With that proper care and treatment and the extension of her pregnancy, Ms. Vailor's son Immanuel would have been delivered in a healthier condition and would not have required an emergency delivery on May 22, 2010.

It is my opinion that the treatment described above not only deviated from the standard of proper medical care and treatment, it constituted a deliberate in-difference to both the health and wellbeing of Crystal and Immanuel I. Vailor. Both suffered injuries and damages consisting of physical pain, anguish, major disabilities

Mr. Shapiro
February 9, 2012
P a g e | **4**

for Immanuel, medical expenses in the past, present, and I would expect to continue into the future for the care and treatment of Immanuel.

   Please feel free to call me if I can be of any further assistance.

Very truly yours,

Richard L. Stokes, M.D., F.A.C.O.G.

*Supplemental*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Dept. of Health & Human Services<br>Office of the General Counsel<br>General Law Division<br>220 Independence Ave., S.W., #4256<br>Washington, D.C. 20021 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Crystal Vailor and Crystal Vailor as Mother and Next Friend of Immanuel Vailor<br>3940 7th Street, N.E., #1<br>Washington, D.C. 20017 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY  □ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)
Set forth in the letter from Richard L. Stokes, M.D. F.A.C.O.G. attached. The basis of the claim if litigation is necessary may include additional acts of negligence and wrongful conduct which are not known to the claimant and her attorney at the present time but may be established through litigation discovery. SUPPLEMENT:Claimants Crystal Vailor and Crystal Vailor as mother and next friend of Immanuel Vailor supplement previously filed Standard Form 95, Claim for Damage, Injury or Death. The claim is being asserted against Unity Healthcare, Inc., the healthcare provider for the Correctional Treatment Facility (CTF), 1901 E Street, SE, Washington, DC 20003. Unity Healthcare is under contract with Corrections Corporation of America to provide healthcare to residents at the Correctional Treatment Facility.  All other portions of the previously filed Standard Form 95 are adopted and incorporated into this supplemental filing.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
 (See Instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | | | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>301 340- 1533 | 14. DATE OF SIGNATURE<br>3-26-12 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

PLAINTIFF'S EXHIBIT
2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes    ☐ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

  *(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred

  *(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

  *(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

  *(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

LAW OFFICES
## SAMUEL M. SHAPIRO, P.A.
200 A MONROE STREET
SUITE 233
ROCKVILLE, MARYLAND 20850

SAMUEL M. SHAPIRO (D.C. and Maryland)                    (301) 340-1333

FAX (301) 340-1149

February 9, 2012

Unity Healthcare, Inc.
1901 E Street, S.E.
Washington, D.C. 20003
**SERVE: CT Corporation**
**1015 15ᵗʰ Street, N.W., #1000**
**Washington, D.C. 20005**

> RE:   Crystal Vailor and Immanuel I. Vailor
>       SS #:  ends 8155
>       DOB: 01/15/1981 and 05/22/10

Dear Sir/Madam:

This office represents Crystal Vailor in regard to injuries and damages she suffered while incarcerated at the Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003. The office also represents Crystal Vailor on behalf of her minor son Immanuel I. Vailor. The said infant suffered injuries and damages as the result of improper and inadequate medical care and treatment rendered to his mother. The purpose of this letter is to place all healthcare providers, including Unity Healthcare, and the United States of America as well as all doctors, nurses, and other healthcare providers employed by either of the aforesaid entities on notice of Ms. Vailor's intention to file suit.

Ms. Vailor was incarcerated at the Correctional Treatment Facility arriving on or about March 3, 2010 and continued thereafter during all times pertinent to her claim. It is the intention of Ms. Vailor to file suit against both of the aforesaid entities for improper prenatal care in regard to her pregnancy and the premature delivery of her son, Immanuel on May 22, 2010.

The basis of Crystal Vailor's claim is set forth in the February 9, 2011 report of Richard Stokes, M.D. which is attached to this letter.

Based on the aforesaid, Ms. Vailor, individually and on behalf of her son Immanuel I. Vailor will contend that there was a deliberate indifference to her serious medical condition, violating both her civil and Constitutional rights and those of her unborn and now minor son. Ms. Vailor will also assert claims for improper medical care and treatment, constituting malpractice.



PLAINTIFF'S
EXHIBIT
**3**

Unity Healthcare, Inc.
February 9, 2012
P a g e | 2

   If any named healthcare provider takes the position that another person or entity
not named in the enclosed notice may be responsible for all or part of the claimed injuries
and damages, I request that you promptly alert me to the identity of such individual or
entity so they may be placed on notice of our intention to sue. Further, if you contend that
any of the healthcare providers who rendered care to Crystal Vailor were independent
contractors who are independently liable for their care and treatment, we request that you
promptly alert us to the identity of any such independent contractor healthcare providers.

   I would appreciate your acknowledging receipt of this notice. Please contact me once
you have had an opportunity to review this matter.

                              Very truly yours,

                              Samuel M. Shapiro

SMS/mmp
Enc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Unity Healthcare, Inc
1901 E St. S.E.
Wash. DC. 20003
Serve CT Corp.
1015 15th St. N.W. #1000
Wash. DC 20005

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☑ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
2/24

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail       ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service)    7010 1670 0002 1108 7988

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

LAW OFFICES
SAMUEL M. SHAPIRO, P.A.
200 A MONROE STREET
SUITE 233
ROCKVILLE, MARYLAND 20850

SAMUEL M. SHAPIRO (D.C. and Maryland)

(301) 340-1333

FAX (301) 340-1149

February 9, 2012

Department of Health & Human Services
Office of the General Counsel
General Law Division
220 Independence Ave., S.W., #4256
Washington, D.C. 20201

   RE: Crystal Vailor and Immanuel I. Vailor
      SS #: ends 8155
      DOB: 01/15/1981 and 05/22/10

Dear Sir/Madam:

  This office represents Crystal Vailor in regard to injuries and damages she suffered while incarcerated at the Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003.  The office also represents Crystal Vailor on behalf of her minor son Immanuel I. Vailor. The said infant suffered injuries and damages as the result of improper and inadequate medical care and treatment rendered to his mother. The purpose of this letter is to place all healthcare providers, including Unity Healthcare, and the United States of America as well as all doctors, nurses, and other healthcare providers employed by either of the aforesaid entities on notice of Ms. Vailor's intention to file suit.

  Ms. Vailor was incarcerated at the Correctional Treatment Facility arriving on or about March 3, 2010 and continued thereafter during all times pertinent to her claim.  It is the intention of Ms. Vailor to file suit against both of the aforesaid entities for improper prenatal care in regard to her pregnancy and the premature delivery of her son, Immanuel on May 22, 2010.

  The basis of Crystal Vailor's claim is set forth in the February 9, 2011 report of Richard Stokes, M.D. which is attached to this letter.

  Based on the aforesaid, Ms. Vailor, individually and on behalf of her son Immanuel I. Vailor will contend that there was a deliberate indifference to her serious medical condition, violating both her civil and Constitutional rights and those of her unborn and now minor son. Ms. Vailor will also assert claims for improper medical care and treatment, constituting malpractice.

  **If any named healthcare provider takes the position that another person or entity not named in the enclosed notice may be responsible for all or part of the claimed injuries**


PLAINTIFF'S
EXHIBIT
4

Dept. of Health & Human Services
February 9, 2012
P a g e | 2

and damages, I request that you promptly alert me to the identity of such individual or entity so they may be placed on notice of our intention to sue. Further, if you contend that any of the healthcare providers who rendered care to Crystal Vailor were independent contractors who are independently liable for their care and treatment, we request that you promptly alert us to the identity of any such independent contractor healthcare providers.

I would appreciate your acknowledging receipt of this notice. Please contact me once you have had an opportunity to review this matter.

Very truly yours,

Samuel M. Shapiro

SMS/mmp
Enc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DHHS
Office of the General Counsel
General Law Div.
220 Independence Ave. SW
#4256
Wash. DC 20201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Lawson_    ☐ Agent
              ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Lawrence                          2-27-12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service la      7010 1670 0002 1108 7995

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

LAW OFFICES
SAMUEL M. SHAPIRO, P.A.
200 A MONROE STREET
SUITE 233
ROCKVILLE, MARYLAND 20850
—
(301) 340-1333

SAMUEL M. SHAPIRO (D.C. and Maryland)

FAX (301) 340-1149

February 9, 2012

Correctional Treatment Facility
1901 E Street, S.E.
Washington, D.C. 20003
**SERVE:  CT Corporation**
**1015 15ᵗʰ Street, N.W., #1000**
**Washington, D.C. 20005**

RE:   Crystal Vailor and Immanuel I. Vailor
        SS #:  ends 8155
        DOB:  01/15/1981 and 05/22/10

Dear Sir/Madam:

This office represents Crystal Vailor in regard to injuries and damages she suffered while incarcerated at the Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003.  The office also represents Crystal Vailor on behalf of her minor son Immanuel I. Vailor. The said infant suffered injuries and damages as the result of improper and inadequate medical care and treatment rendered to his mother. The purpose of this letter is to provide notice to Corrections Corporation of America that the correctional staff at the Correctional Treatment Facility failed to allow Ms. Vailor and her at that time, unborn son, to receive access to healthcare providers, failed to observe her deteriorating condition, and failed to remove her from the Correctional Treatment Facility to either the Washington Hospital Center where she eventually was treated or to another appropriate medical facility.

Ms. Vailor was incarcerated at the Correctional Treatment Facility arriving on or about March 3, 2010 and continued thereafter during all times pertinent to her claim.  It is the intention of Ms. Vailor to file suit against both of the aforesaid entities for improper prenatal care in regard to her pregnancy and the premature delivery of her son, Immanuel on May 22, 2010.

The basis of Crystal Vailor's claim is set forth in the February 9, 2011 report of Richard Stokes, M.D. which is attached to this letter.

Based on the aforesaid, Ms. Vailor, individually and on behalf of her son Immanuel I. Vailor will contend that there was a deliberate indifference to her serious medical condition, violating both her civil and Constitutional rights and those of her unborn and now minor son. Ms. Vailor will also assert claims for improper medical care and treatment, constituting malpractice.

PLAINTIFF'S
EXHIBIT
5

Correctional Treatment Facility
February 9, 2012
P a g e | 2

If any named healthcare provider takes the position that another person or entity not named in the enclosed notice may be responsible for all or part of the claimed injuries and damages, I request that you promptly alert me to the identity of such individual or entity so they may be placed on notice of our intention to sue. Further, if you contend that any of the healthcare providers who rendered care to Crystal Vailor were independent contractors who are independently liable for their care and treatment, we request that you promptly alert us to the identity of any such independent contractor healthcare providers.

I would appreciate your acknowledging receipt of this notice. Please contact me once you have had an opportunity to review this matter.

Very truly yours,

Samuel M. Shapiro

SMS/mmp
Enc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent ☐ Addressee

B. Received by ( Printed Name )       C. Date of Delivery 2/22

1. Article Addressed to:

CCA/CTF
1901 E St. S.E.
Wash. DC 20003
Serve: CT Corp.
1015 15th St. NW #1000
Wash. DC 20005

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7010 1670 0002 1108 8008

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540